UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YESLINE RODRIGUEZ RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>LOTO GROUP, LLC,<br><br>Defendant. | Civ. No. 2:20-cv-4062 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

On January 20, 2019, Plaintiff Yesline Rodriguez Rivera ("Plaintiff") allegedly slipped and fell on the sidewalk of Defendant Loto Group, LLC's ("Defendant") property in Pennsylvania and sustained several leg injuries. Compl. ¶¶ 2(d), 10, 19, ECF No. 1. This matter is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and insufficient service of process under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(5), respectively. Def. Br., ECF No. 5. Plaintiff filed an opposition to the motion, to which Defendant did not reply. Pl. Opp'n Br., ECF No. 7. The Court did not hear oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff is an individual who resides in Puerto Rico. Compl. ¶ 1, ECF No. 1. Defendant is a limited liability company ("LLC") organized under the laws of Pennsylvania. Ex. A, Def. Br., ECF No. 5. Defendant is solely owned by Karem Ospino ("Ms. Ospino"), an individual who resides in New Jersey. Compl. ¶ 2, ECF No. 1; Ex. A, Def. Br., ECF No. 5; Pl. Opp'n Br. at 10, ECF No. 7. Defendant maintains its principal place of business at 333 Broadway, Bethlehem, Pennsylvania, and owns property at 1015 Mechanic Street, Bethlehem, Pennsylvania, the location where Plaintiff allegedly slipped and fell. Compl. ¶¶ 2(d), 10, ECF No. 1; Ex. A, Def. Br., ECF No. 5; Def. Br. at 3, ECF No. 5.

### II. DISCUSSION

The parties do not dispute that the Court has subject matter jurisdiction over this action based on diversity. *See* 28 U.S.C. § 1332(a). The parties exhibit some confusion,

however, as to which state Defendant is considered a citizen. For purposes of diversity jurisdiction, an LLC assumes the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Defendant's sole member is a citizen of New Jersey. Defendant is therefore a citizen of New Jersey for purposes of diversity jurisdiction.

Whether the Court has personal jurisdiction over Defendant is a separate and distinct inquiry. Defendant moves to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Once challenged, Plaintiff bears the burden of establishing Defendant is subject to either general or specific personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

"General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). A defendant's contacts with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020) (collecting cases). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten*, 499 at 296.

Here, Defendant correctly argues that this Court has neither general nor specific personal jurisdiction. Def. Br. at 4-5, ECF No. 5. For purposes of general personal jurisdiction, Defendant is a citizen of Pennsylvania. Defendant is organized as an LLC under the laws of Pennsylvania and maintains its principal place of business in Pennsylvania. As to specific jurisdiction, the alleged slip-and-fall incident occurred on Defendant's property in Pennsylvania. Defendant's only tie to New Jersey is that Defendant's sole member lives in New Jersey. This fact alone does not constitute the type of "systematic and continuous contacts" that render Defendant "at home" in New Jersey for purposes of establishing general personal jurisdiction, nor does it have any bearing on the alleged incident in Pennsylvania to give rise to specific personal jurisdiction in this Court. Accordingly, the Court lacks personal jurisdiction over Defendant.

Defendant also moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3). Venue is proper in a judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) defendant is subject to personal jurisdiction, if there is no district in which an action may otherwise be brought. 28 U.S.C. § 1391(b)(1)–(3). For venue purposes, an unincorporated entity is deemed to reside, if a defendant, in any judicial district in which it is subject to the court's personal jurisdiction.

*Id.* § 1391(c)(2).  Having concluded that the Court lacks personal jurisdiction over Defendant, and with the alleged incident having occurred in Pennsylvania, the Court finds venue is improper in this District.

The Court will therefore grant Defendant's motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively.  The Court need not reach the parties' arguments concerning insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint is **GRANTED** without prejudice to Plaintiff's right to refile the Complaint in a court of proper jurisdiction.

An appropriate Order shall follow.

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  December 16, 2020**

3